# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JASON WHITE, ADC # 144276                                                   PLAINTIFF

v.                         5:12-cv-00024-JLH-JJV

S. BROWN, Correction Officer, Varner Unit,
Arkansas Department of Correction; *et al.*                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Jason White, is an inmate in the Varner Unit of the Arkansas Department of Correction.  He filed a *pro se* Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983, alleging Defendants violated constitutional rights.  He seeks monetary damages from Defendants in the amount of $7,500.  (*Id.* at 4.)

### I.     BACKGROUND

Plaintiff's Complaint alleges nothing.  The Statement of Claims says, "C.O. Brown is over supervising the safety of our food upon being prepared and leaving the kitchen.  C.O. Sharkey lied in behalf of another staff member."  (Doc. No. 1 at 3.)  In a Notice later filed (Doc. No. 5), Plaintiff is more specific and states he found debris in his drink and C.O. Sharkey told him to dump it and refill his cup.  (Doc. No. 5.)  Afterwards, Plaintiff initiated a grievance against the kitchen supervisor, Defendant Brown.  (*Id.*)  Plaintiff states, "In response to the grievance, C.O. Sharkey lied to treatment warden Joe Page on behalf of another employee, and said that he did not see anything in my drink because there are 56 inmates to be served drink[s] from the same container, and there is barely enough to go around once."  *Id.*  He alleges that the "Varner Unit is constantly hiring these officers that are unprofessional that are not doing their job properly."  *Id.*  Plaintiff goes on to say

that this incident has caused him mental anguish "because I never know what may be in my food. Amongst other things I have found plastic shreds inside my food." *Id.* An inmate witness has provided a statement on his behalf. (Doc. No. 9.)

## II. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *See id.* Where a complaint pleads facts that

3

are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief.  *Id*. at 557.

## III.    ANALYSIS

### A.    Failure to State a Claim on Which Relief May be Granted

Plaintiff simply fails to state a claim on which relief may be granted and this case should be dismissed.  Plaintiff's Complaint is wholly defective as he fails to state any specific violation of his constitutional rights by these Defendants.  And even if Plaintiff were afforded an opportunity to amend his Complaint, a review of the information he submitted fails to state a claim of constitutional proportion whereby he might be entitled to relief.

Liberally construed, it appears at best that Plaintiff may be making an Eighth Amendment challenge.  "A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element."  *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities.  The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner."  *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted).  Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety."  *Revels*, 382 F.3d at 875.

Here, Plaintiff states he found debris in his drink and was allowed to dump the drink and replace it with new one.  (Doc. No. 5.)  He further states, "Amongst other things I have found plastic shreds inside my food."  (*Id.*)  While anyone would be upset at finding debris in their food, these allegations simply does not rise to the level of a constitutional claim.  And even if C.O. Sharkey lied,

this is not a violation of Plaintiff's constitutional rights. At best, Plaintiff states a claim of negligence by the kitchen staff as there is no allegation that these events were intentional. But claims of negligence are not actionable in the constitutional § 1983 setting and Plaintiff clearly fails to state a claim that the Defendants were deliberately indifference in a serious risk to his health and well being. Thus, the Complaint should be DISMISSED on this basis.

    **B.**     **Official Capacity Claims**

In his Complaint, Plaintiff seeks redress in the form of monetary damages (Doc. No. 1) but he does not state whether he is suing the Defendants in their official or individual capacity. When a complaint is silent as to the capacity in which the plaintiff is suing the defendant, the Court interprets the complaint as only including official capacity claims. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the state. *See Printz v. U.S.*, 521 U.S. 898, 930 (1997); *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

    The Eleventh Amendment bars suits against states for monetary damages. *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Dakota, Minnesota & Eastern R.R. Corp. v. S. D.*, 362 F.3d 512, 516 (8th Cir. 2004); *Hadley v. North Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996). Section 1983 does not override Eleventh Amendment immunity. *Hadley*, 76 F.3d at 1438. The Eleventh Amendment has, thus, been construed to also prohibit § 1983 suits seeking monetary damages from a state official in his or her official capacity. *See Treleven v. Univ. of Minn.*, 73 F.3d 816, 818 (8th Cir. 1996). Plaintiff's claims for monetary damages from the Defendants in their official capacities are, therefore, barred and this Complaint (Doc. No 2) should be DISMISSED because it seeks monetary relief from Defendants who are immune from such relief.

5

## IV. CONCLUSION

Plaintiff fails to state an actionable § 1983 claim against any of the named Defendants.

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint should be DISMISSED with prejudice for failure to state a claim upon which relief can be granted or a cause of action under § 1983.

2. Dismissal of Complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

DATED this 6th day November, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. § 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of § 1915(g).